| |
|---|
| MICHAEL J. REDENBURG, ESQ. PC<br>Michael Redenburg, Esq. (NY #MR4662)<br>11 Park Place, Suite 817<br>New York, NY 10007<br>Telephone: (212) 240-9465<br>Facsimile: (917) 591-1667 |

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **John Campbell,**<br><br>                                **Plaintiff,**<br><br>v.<br><br>**The City of New York, Police Officer Jason Gamello (Shield No. 31832) and Police Officer Basilio Jolley (Tax ID#936824), individually and in their official capacities.**<br><br>                                **Defendants.** | **Second Amended Complaint**<br><br>**JURY TRIAL DEMANDED**<br><br>Civ. No.: 15-4612(CBA)(LB) |

## PRELIMINARY STATEMENT

1. Plaintiff brings this civil rights action against the City of New York, Police Officers Jason Gamello and Basilio Jolley, alleging that defendants violated his rights under 42 U.S.C. § 1983, the Fourth and Fourteenth Amendments to the United States Constitution and New York state law by Police Officer Jason Gamello falsely arresting him; and for Police Officer Basilio Jolley using excessive force against Plaintiff, assaulting and battering him. Plaintiff seeks compensatory and punitive damages, attorney's fees and costs and such other and further relief as the Court deems just and proper.

## JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. §§1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by 28 U.S.C. §1331 and §1343.

1

3. Plaintiff invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. §1367 to hear and decide his New York state law claims of assault and battery which form part of the same case and controversy as his federal claims under Article III of the United States Constitution.

4. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. §1391 (b) and (c) because a substantial part of the events giving rise to Plaintiff's claims occurred in this District and because some or all of the defendants reside in this District.

## DEMAND FOR A JURY TRIAL

5. Pursuant to Fed. R. Civ. P. 38, Plaintiff demands a trial by jury in this action.

## NOTICE OF CLAIM

6. With respect to Plaintiff's state law claims against the City, a Notice of Claim was duly filed with the City of New York within 90 days after the Incident, and a 50-h Hearing was held on August 4, 2015.

## PARTIES

7. Plaintiff John Campbell ("Plaintiff" or "Mr. Campbell") is a forty (40) year old African-American man who resides in Kings County, City and State of New York.

8. The City of New York is a municipal corporation organized under the laws of the State of New York.

9. The individual defendants are members of the New York City Police Department ("NYPD") who were so employed on February 22, 2015. Police Officers Jason Gamello and Basilio Jolley were acting under color of state law in their capacities as members of the NYPD at all relevant times. Police Officers Jason Gamello and Basilio Jolley are sued in their individual and official capacities.

## STATEMENT OF FACTS

10. The Incident that Plaintiff complains of took place on February 22, 2015.

11. On or about 1 AM, near or about 361 Sutter Avenue, Brooklyn, NY, Plaintiff was stopped by Police Officer Jason Gamello who alleged that Plaintiff was carrying an open container of alcohol, although the alcoholic beverage Plaintiff was carrying had not yet been opened.

12. Plaintiff was given a summons charging him with violating New York City Administrative Code 10-125B, consuming alcohol and carrying an open container in a public place.

13. As Plaintiff started to walk away after receiving the summons, Police Officers Jason Gamello approached him again and stated that he had to, "take him in," because he had an open warrant.

14. Although Plaintiff insisted that he did not have any open warrants, Plaintiff was arrested nonetheless.

15. Although Plaintiff had presented Police Officer Jason Gamello with a valid Pennsylvania driver's license indicating that his date of birth was 12/19/75, the officers insisted that he was the "John Campbell" with a date of birth, 1972, showing an active warrant.

16. Plaintiff was transported to PSA-2 for processing and placed in a cell with another individual.

17. After spending almost two (2) hours in the cell, which did not have a bathroom, Plaintiff informed an officer that he needed to use a bathroom to urinate.

18. The officer Plaintiff spoke to said that because he was not Plaintiff's arresting officer, (A/O), he could not let Plaintiff out of the cell to use the bathroom.

19. About forty-five (45) minutes later, Plaintiff asked another officer to use the bathroom and was told by that officer, "Well the cell isn't wet yet, so you must not have to go that bad."

20. Soon thereafter, Plaintiff was forced to urinate on the floor.

21. Next, another NYPD Officer Basilio Jolley opened the cell door and let the other individual out of the cell.

22. Plaintiff then watched NYPD Officer Basilio Jolley twist the camera away from the cell before physically assaulting Plaintiff by twisting the thumb of Plaintiff's left hand.

23. An NYPD agent wearing a white shirt (a sergeant or lieutenant) asked Plaintiff if he was okay, and Plaintiff responded that he was not okay.

24. An ambulance was called and Plaintiff was transported to Brookdale Hospital.

25. Once at Brookdale Hospital, Plaintiff tried to explain to the hospital staff that his date of birth was 12/19/75, but the officers instructed the staff to use the information on the police paperwork, which had a 1972 date of birth listed.

26. A cast was placed on Plaintiff's left hand and he was diagnosed with a dislocation of carpometacarpal joint of left hand, which will likely require surgery.

27. Plaintiff was subsequently taken to Central Booking for arraignment, and the matter was adjourned in contemplation of dismissal.

28. Plaintiff continues to receive medical treatment for the injuries to his left thumb.

29. As a result of the foregoing, Plaintiff suffered an unlawful detention, loss of liberty, emotional distress, embarrassment, fear, anxiety, humiliation, degradation and physical injuries and pain – all to his detriment.

## FIRST CLAIM
*FALSE ARREST*

30. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

31. At all relevant times, Plaintiff did not commit a crime or violation.

32. Despite Plaintiff's innocence, Police Officer Jason Gamello arrested Plaintiff without probable cause to do so.

33. Accordingly, defendants are liable to Plaintiff under the Fourth Amendment for false arrest.

## SECOND CLAIM
*UNREASONABLE SEARCH AND SEIZURE*

34. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

35. Police Officer Jason Gamello violated the Fourth and Fourteenth Amendments because he stopped, searched and seized Plaintiff without any reasonable suspicion or arguable probable cause to do so.

36. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## THIRD CLAIM
*UNREASONABLE FORCE UNDER 42 U.S.C. §1983*

37. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

38. Defendant Officer Basilio Jolley violated the Fourth and Fourteenth Amendments by using excessive force when he physically assaulted Plaintiff by twisting his left thumb.

5

39. Defendant Officer Basilio Jolley's decision to forcefully twist Plaintiff's left thumb was objectively unreasonable, especially in light of the fact that Plaintiff was unarmed.

40. The amount of physical force that Defendant Officer Basilio Jolley used against Plaintiff was excessive, especially in light of the fact that Plaintiff was unarmed.

41. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged, including physical injury, pain and discomfort.

## FOURTH CLAIM
### *MONELL CLAIM*

42. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

43. The City of New York is a "person" within the meaning of 42 U.S.C. §1983.

44. The acts complained of were carried out by the aforementioned defendants in their capacities as police officers and officials pursuant to customs, policies, usages, practices, procedures and rules of the City and NYPD, all under the supervision of ranking officers of the NYPD.

45. The City is liable for the damages suffered by Plaintiff as a result of the conduct of their employees, agents, servants, in that, after learning of their employees' violation of Plaintiff's constitutional rights, they failed to remedy the wrong; they have created a policy and/or custom under which unconstitutional practices occurred and allowed such policies or customs to continue, and they have been grossly negligent in managing subordinates who caused the unlawful condition or event.

46. The City has been alerted to the regular use of excessive force and false arrests by its police officers, but has nevertheless exhibited deliberate indifference to such excessive

force and false arrests; that deliberate indifference caused the violation of Plaintiff's constitutional rights in this case.

47. The Incident that Plaintiff complains of is not an isolated incident. The City has been aware for some time, from lawsuits, notices of claim, complaints filed with the Civilian Complaint Review Board, and judicial rulings suppressing evidence and finding officers incredible as a matter of law, that a disturbing number of the City's police officers use excessive force, unlawfully search and seize citizens, bring charges against citizens with no legal basis, perjure themselves in charging instruments and testimony, and fail to intervene in and report the obvious illegal actions of their fellow officers. Nevertheless, the City has allowed policies and practices that allow the aforementioned to persist.

48. In addition, the well documented failures of the Civilian Complaint Review Board ("the CCRB"), a City agency, to substantiate obviously meritorious citizen complaints have gone uncorrected. The CCRB regularly finds complainants lack credibility based on the fact that such complainants have also brought lawsuits to remedy the wrongs they have experienced, a practice that often results in not substantiating the most serious charges brought to them. In addition, the CCRB virtually never initiates their own findings of false statements against officers who have made false statements to the CCRB in their own defense, nor do they initiate findings that officers have failed to report their fellow officers' misconduct; thus, officers have no real incentive to come forward, or to testify truthfully at the CCRB. The CCRB has no enforcement mechanisms once making a finding against an officer; it can only make recommendations to the NYPD, once finding misconduct by an officer.

49. The NYPD, once receiving a substantiated complaint by the CCRB, fails to adequately discipline officers for misconduct. The NYPD Department Advocate, which is endowed with the responsibility of following-up on substantiated CCRB charges, is understaffed and under-utilized. Furthermore, in the extraordinarily rare event that the CCRB substantiates a complaint and the Department Advocate proves the case in an internal trial against an officer, the police commissioner still maintains the power to reduce the discipline against such an officer.

50. Further, the City has no procedure to notify individual officers or their supervisors of unfavorable judicial review of their conduct. Without this notification, improper search and seizure practices and incredible testimony go uncorrected. Additionally, according to a report of the New York City Bar Association issued in 2000, the City has isolated its law department from the discipline of police officers so that civil suits against police officers for actions taken in their capacity as police officers have no impact on the officers' careers, regardless of the outcome of the civil actions.

51. The City is aware that all of the aforementioned has resulted in violations of citizens' constitutional rights. Despite such notice, the City has failed to take corrective action. This failure and these policies caused the officers in the present case to violate Plaintiff's civil rights without fear of reprisal.

52. Plaintiff has been damaged as a result of the deliberate indifference of the City to the constitutional rights of the City's inhabitants.

53. As a result of the foregoing, Plaintiff suffered an unlawful detention, loss of liberty, emotional distress, fear, anxiety, humiliation, degradation, and physical injury and pain – all to his detriment.

## SIXTH CLAIM
### *ASSAULT & BATTERY UNDER STATE LAW*

54. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

55. Defendant Officer Basilio Jolley's decision to forcefully twist Plaintiff's left thumb, causing a dislocation, constituted assault and battery.

56. Accordingly, Defendant Officer Basilio Jolley is liable to Plaintiff under New York State Law for Assault and Battery.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests judgment against defendants as follows:

a. Compensatory damages against all defendants, jointly and severally;

b. Punitive damages in an amount to be determined by a jury;

c. Reasonable attorneys' fees and costs; and

d. Such other relief as this Court shall deem just and proper.

Dated: April 12, 2016
New York, NY

s/**Michael J. Redenburg**
Michael J. Redenburg (NY #MR4662)
MICHAEL J. REDENBURG, ESQ. PC
11 Park Place, Suite 817
New York, NY 10007
mredenburg@mjrlaw-ny.com
1-212-240-9465 (Phone)
1-917-591-1667 (Fax)